# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**EARNEST EUGENE WALKER, JR.,**

                **Petitioner,**

        v.                                          CASE NO. 17-3166-SAC

**PAMELA C. PARKER, et al.,**

                **Respondents.**

## ORDER TO SHOW CAUSE

This matter is a civil case filed by a person held at the Sedgwick County Jail. The Court has conducted a preliminary review of petitioner's pro se pleadings and liberally construes this matter to challenge the validity of his conviction and sentence and to allege the conviction and sentence resulted from legal malpractice.

First, to the extent petitioner challenges the validity of his sentence or conviction, his federal claim must be presented in habeas corpus. However, because it appears an appeal remains pending in petitioner's criminal action[1], a petition for habeas corpus is premature. *See* 28 U.S.C. §2254(b)(1)(A)(requiring exhaustion of available state court remedies).

Likewise, before petitioner may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). The materials appended to the complaint do not support such a finding, as the decision of the Kansas Court of Appeals reflects

---

[1] On-line records maintained by the Kansas appellate courts reflect that petitioner filed a petition for review on July 14, 2017, in Appeal No. 114931. That petition remains pending.

that the petitioner's appeal was affirmed in part and dismissed in part on the ground of mootness. *See* Doc. #1, Ex. D, pp. 22-25[2].

Finally, in any event, petitioner's claims against two members of the Sedgwick County District Attorney's Office fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions brought under 42 U.S.C. § 1983 that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Petitioner's claims concerning his criminal case fall squarely within the prosecutorial function.

Accordingly, the Court directs petitioner to show cause why this matter should not be dismissed. The Court offers no opinion on the merits of any claim petitioner may present in state court on a theory of legal malpractice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. #3) is granted.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. #5) is denied.

IT IS FURTHER ORDERED petitioner is granted to and including October 23, 2017, to show cause why this matter should not be dismissed. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

---

[2] The decision of the Kansas Court of Appeals also suggests that petitioner may have additional state court remedies upon the conclusion of his appeal. *Id.*

**IT IS SO ORDERED.**

DATED:  This 22nd day of September, 2017, at Topeka, Kansas.


                                S/ Sam A. Crow
                                SAM A. CROW
                                U.S. Senior District Judge